

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00135-CR

---

ANTONE JOSEPH CZAJKOWSKI, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 23-0302X

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Antone Joseph Czajkowski pled guilty to possession of a controlled substance in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Supp.). The trial court imposed a sentence in this matter on June 24, 2024, making the notice of appeal due on or before July 24, 2024. To avail himself of the fifteen-day grace period contemplated by Rule 26.3 of the Texas Rules of Appellate Procedure, Czajkowski was required to file both a notice of appeal and a motion for an extension of time within fifteen days after July 24, 2024, or on or before August 8, 2024. *See* TEX. R. APP. P. 26.3. The notice of appeal in this matter was filed on August 6, 2024, but Czajkowski's motion for an extension of time was not filed until August 9, 2024, which is one day after the deadline. Consequently, we denied his motion.

On August 14, 2024, Czajkowski filed a motion to rehear his motion for an extension of time to file his notice of appeal. In that motion, Czajkowski's counsel stated that she mistakenly mis-calendared the due date for the motion and asked the Court to reconsider its ruling to avoid the need for seeking an out-of-time appeal from the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals has been clear on this issue: "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam). Accordingly, the Court denied Czajkowski's motion to rehear his motion for extension of time to file his notice of appeal.

On August 16, 2024, we notified Czajkowski of this potential defect in our jurisdiction over this appeal, giving him ten days to show the Court how it had jurisdiction over this appeal. We also warned him that, if he did not file a satisfactory response on or before August 26, 2024, we would dismiss his appeal for want of jurisdiction. The Court did not receive a satisfactory response.

We, therefore, dismiss Czajkowski's appeal for want of jurisdiction.


Scott E. Stevens
Chief Justice


Date Submitted:     September 17, 2024
Date Decided:       September 18, 2024

Do Not Publish